SUPREME JUDICIAL COURT 
 
 YATES Y. vs. ZIGGY Z. [1]

 
 Docket:
 SJC-13830
 
 
 Dates:
 December 10, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Harassment Prevention. Supreme Judicial Court, Superintendence of inferior courts
 
 

             The petitioner filed a claim in the county court, alleging that the respondent had defamed him by applying for a harassment prevention order pursuant to G. L. c. 258E, which was issued and then extended in the District Court.  The petitioner sought, among other things, damages, injunctive relief, and an order dismissing and expunging the harassment prevention order.  A single justice of this court denied relief without addressing the merits due to the availability of alternative remedies, and the petitioner appeals.  We affirm.
            The petitioner has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001).  That rule does not apply here, as the petitioner was not seeking relief from any interlocutory ruling of the trial court.  Nevertheless, it is clear on the record that the petitioner had adequate remedies available to him other than seeking relief from a single justice of this court.  The proper avenue for review of a harassment prevention order is an appeal to the Appeals Court.  O'Brien v. Borowski, 461 Mass. 415, 417-418 (2012).  To the extent the petitioner seeks damages and other relief for the alleged defamation, the basis for subject matter jurisdiction in the county court is not apparent, and he could have commenced a civil action in an appropriate department of the trial court.[2]  Where the petitioner had these ordinary means of raising his claims, the single justice neither abused his discretion nor committed an error of law by denying relief in the county court.
Judgment affirmed.
            The case was submitted on the papers filed, accompanied by a memorandum of law.
            Yates Y., pro se.
 
footnotes

 
            [1] The parties' names are pseudonyms.
            [2] We regard the single justice's denial of relief as being without prejudice to the petitioner's right to commence such an action in another court with subject matter jurisdiction over the case.  We express no view on the merits thereof.